[Civ. No. 14319. Second Dist., Div. One. May 19, 1944.]

SOLOMON BENITES et al., Appellants, v. LOUIS ADAMS, Respondent.

Arthur C. Verge for Appellants.

Mark C. Allen for Respondent.

394

DORAN, J.—This is an action for damages for personal injuries sustained by plaintiff when struck by an automobile.

The trial was by the court without a jury. As a conclusion of law the court found as follows: "That defendant was not free from negligence in failing to observe the plaintiff's position at the time of the accident. That plaintiff was guilty of contributory negligence in failing to take due precautions for her own safety at the time of the accident and that such negligence on the part of the plaintiff, Rose M. Benites, directly and proximately contributed to her injuries."

The facts are simple. They are recited in appellants' brief as follows: "Plaintiff left grocery store at the corner of Olympic and Sixteenth Streets about 75 feet north of where the accident occurred and walked southerly on the west side of Sixteenth Street. Plaintiff stayed on the sidewalk all the time. Along the westerly side of the sidewalk from the rear of the grocery to the northerly side of the defendant's driveway there was a picket fence 59 or 60 inches high. This picket fence connects at right angles at the sidewalk line with a fence or a hedge 5 feet high covered with bushes, foliage and shrubbery, adjacent to and paralleling on the north, the entire length of defendant's driveway. The hedge is thick in some places and has openings in others. Plaintiff by looking over picket fence and hedge fence as she approached defendant's driveway, could have seen defendant's car. Likewise, defendant could have seen plaintiff. Plaintiff did not look to see if there would be a car coming out of the driveway but looked straight forward and she did not see any car, or hear anything before she was struck. Prior to the collision defendant's car was standing on his driveway about 10 feet from the sidewalk. The driveway sloped about 10 inches in 14 feet down to the sidewalk level. In backing from defendant's position toward the sidewalk and street the first 4 feet is a slight slope; after getting over that point the slope goes down rather quickly and rapidly. Santa Monica City Ordinance No. 648 provides that in driving an automobile out of a private driveway over a sidewalk the driver must stop before passing over the sidewalk. Defendant started backing his car at the top of the slope aforesaid and did not stop before crossing the sidewalk but backed completely across same to the street at a speed of about 5 miles per hour but at an accelerating rate. Defendant blew his horn before starting his car. He looked back but did

not see plaintiff until after the collision. In crossing the private driveway plaintiff was struck at her knees by defendant's car and rolled over into the street, suffering a comminuted fracture of the knee and other injuries.''

The trial judge visited the scene of the accident and in that connection, at the conclusion of the trial, commented as follows: ''Mrs. Benites, unfortunately, described the care that she exercised in going down to the street below Olympic boulevard, which is called Michigan, I believe, and she crossed there, but did not pay any attention, evidently, when she went up to the grocery store as to whether there was a car or was not a car there. At least, she did not testify on that subject, and when she came back she looked straight down, or downwards, at all times. She never looked to the right at any time. Had she looked to the right—she had two feet after she reached the corner by the fence before she reached the intersection of the driveway, she could have seen the car even before that, from that corner, but she didn't look at it and walked down, and unfortunately, the car was backing out and she was hit and seriously injured, but under these circumstances, the plaintiff, under the law, was guilty of contributory negligence.

''I think you have to exercise, in driving out a car, ordinary care, when you are going across an intersecting sidewalk, and the plaintiff has to exercise ordinary care as a pedestrian, and it is a little difficult to see that the defendant was not exercising ordinary care. His car was at a standstill when he started it. The Santa Monica ordinance, even though it be held admissible in evidence, and I have admitted it does not say you have to stop at the sidewalk edge. It says you must be at a stop prior to the time. His car was parked prior to the time and whether where it was stopped is a reasonable distance or not, there is no showing that he rushed backwards in a hurry. If a person had come out of there at a high rate of speed, backing, or something of that character, then you would have a different situation, but certainly a pedestrian is not entitled, in walking along a sidewalk to blindfold herself, so to speak, so as not to see cars coming across. She did not look to the right, and it is an extremely unfortunate accident, but it is just one of those things where I think this is an accident where both are to blame. I have a little difficulty, under the circumstances, in placing the blame on the defendant. Certainly,

the plaintiff did nothing towards looking, at any time, from the grocery on down. Now, by the same token the defendant should have seen the plaintiff as she came down there, if she was walking along the sidewalk. If she was walking at some other spot, why, it would not have been so easy to see her even though he might have seen her unless she was too close to the intersection, but be that as it may, her own contributory negligence does not permit a recovery.''

█ It is contended that appellant was not chargeable with contributory negligence because the standard of ordinary care does not require that a sidewalk pedestrian maintain a lookout for the approach of vehicles which might be driven on the sidewalk. The question presented is not one of law but one of fact, to be decided by the trial court in the light of evidence. *Brandes* v. *Freitas*, 116 Cal.App. 459 [2 P.2d 830]. Whether appellant in the circumstances here conducted herself as would an ordinarily prudent person, was for the trial court to decide; and the findings of that court in this regard are conclusive upon appeal, there being sufficient evidence to support them. Technically, the conduct of plaintiff could not be correctly described as contributory negligence as a matter of law. The record reveals it to have been a question of fact. The evidence does not bring plaintiff's conduct within that group of cases where the contributory negligence may be determined as a matter of law. The fact, however, that the trial court may have concluded that plaintiff's conduct amounted to contributory negligence as a matter of law in no way affects the correctness of the finding of fact to the same effect.

Appellants have attempted to appeal from the order denying their motion for a new trial. Such an order is not appealable.

The judgment is affirmed and the appeal from the order denying the motion for a new trial is dismissed.

York, P. J., and White, J., concurred.